Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7662 | **DATE** | April 13, 2012 |
| **CASE TITLE** |  | Evans vs. Anglin | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement Section of this Order, Respondent's "Motion to Dismiss for Failure to State a Habeas Claim" [14] is granted. The petition is dismissed, but the dismissal is without prejudice to Petitioner filing an appropriate action under 42 U.S.C. § 1983 if he complies with the requirements set forth below.

■[ For further details see text below.]     Notices mailed by Judicial staff.

# STATEMENT

William Evans ("Evans"), a state prisoner at the Danville Correctional Center, seeks habeas relief on the ground that the Illinois Department of Corrections is violating the Ex Post Facto clause of the Constitution by declining to award him discretionary good time credit. (Dkt. No. 5 ("Amended Pet.").) Before the court is Respondent Keith Anglin's "Motion to Dismiss Habeas Corpus Petition for Failure to State a Habeas Claim." (Dkt. No. 14. ("Mot. to Dismiss").) For the reasons stated herein, the motion is granted.

## BACKGROUND

In May 2010, Evans pleaded guilty to being an armed career criminal and committing aggravated battery in a public place and was sentenced to consecutive terms of six and four years in prison, respectively. (Dkt. No. 14, Exs. A, B.) He sought to appeal, but the Illinois Appellate Court refused to hear his case because his notice of appeal was untimely. (Dkt. No. 14, Ex. C.)

In October 2011, Evans filed a petition for habeas corpus relief with this court. (Dkt. No. 1 ("Pet.").) In it, he challenged the termination of the Meritorious Good Time and Supplemental Meritorious Good Time program by the Illinois Department of Corrections in January 2010. The program allowed for the awarding of good conduct credits that effectively reduced a prisoner's time in prison.

On Nov. 4, 2011, this court ordered Evans to submit an amended petition for several reasons. (Dkt. No.4.) First, the court noted that Evans improperly brought his petition under 28 U.S.C. § 2241. The court noted that a petitioner challenging his custody resulting from a state court criminal conviction must do so under 28 U.S.C. § 2254. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000.) Additionally, the court observed that it appeared Evans was arguing that he could not obtain good time credit previously offered, as well as that his good conduct credit had been revoked. If so, Evans had improperly combined both a § 2254 claim and a claim under 42 U.S.C. § 1983.

As the court explained in its Nov. 4, 2011 order, a § 2254 petition is the correct vehicle for challenging the revocation of good conduct credit, but when a prisoner challenges a change in policy that

| STATEMENT |
|---|

reduces his ability to earn future good conduct credit, this suit must be brought under 42 U.S.C. § 1983. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (per curiam). Courts have drawn this distinction because a petition under § 2254 must seek a reduction in the prisoner's sentence; the mere possibility of a reduction is insufficient. *Id.* By seeking both the restoration of the program and the awarding of back good conduct credit, Evans had mixed these claims, the court held.

This court directed Evans to file an amended petition clarifying whether he wanted to proceed under § 2254 or file a civil rights suit under 42 U.S. § 1983. Subsequently, Evans filed a brief amended petition in which he sought to proceed under § 2254. In it, Evans wrote:

> The respondent applying the suspension of 730 ILCS 5/3-6-3; January 15, 2010; to petitioner William Evans, sentence of offenses that occurred before the Illinois governors office suspended 730 ILCS 5/3-6-3; in violation of the United States Constitution ex post facto prohibition; in light of the fact the suspension of 730 ILCS 5/3-6-3 good conduct credit increases the punishment by increasing the time that must be served in prison, and on mandatory supervised release.

(Am. Pet.) Noting that Evans had filed what appeared to be a § 2254 petition, this court ordered Respondent to answer or otherwise plead. (Dkt. No. 6.) Respondent then filed its motion to dismiss, which is fully briefed.

ANALYSIS

The court begins with a brief overview of the programs at issue here. Before January of 2010, the Illinois Department of Corrections ("IDOC") awarded discretionary meritorious good time and supplemental meritorious good time credit to certain prisoners under 730 ILCS 5/3-6-3(a)(3). Credit was not awarded for behavior while in county jail. (Dkt. No. 14, Ex. D. ("*Report on the Meritorious Good Time and MGT Push Programs*") 5.) IDOC policy was to wait 60 days before awarding this credit to inmates newly arrived in state prison. *Id.* at 7; *see Braver v. Washington*, 724 N.E.2d 68, 76 (Ill. App. Ct. 1999). Meritorious good time credit is distinct from mandatory credit categories. *See* 730 ILCS 5/3-6-3(a)(2.1).

In August of 2009, the IDOC changed its policy on meritorious good time credit, and many offenders received their 90 or 180 days of credit after eleven days in custody. (*Report on the Meritorious Good Time and MGT Push Programs* 8.) The controversial program ended quickly in December 2009. *See* Edith Brady-Lunny, *Fallout from Controversial Program Crowds Prisons*, The Pantagraph (Bloomington, Ill.), Feb. 20, 2011. Soon thereafter, in January 2010, the Illinois legislature passed Public Act 96-860, which amended the meritorious good time statute by requiring inmates to serve 60 days of their sentence prior to receiving such credit and requiring the IDOC to make written determinations of eligibility.

The IDOC has suspended the meritorious good time credit program while developing guidelines for the implementation of the program. (*Report on the Meritorious Good Time and MGT Push Programs* 10); *see* Illinois Dep't of Corrections — FAQ, http://www2.illinois.gov/idoc/aboutus/Pages/faq.aspx#01 (last visited April 9, 2012) (noting that the program had terminated in January 2010 and remains under review).

In moving to dismiss, Respondent argues that *Hadley* requires dismissal of Evans' petition because he is complaining about a change in policy, not about the revocation of any good time credit already conferred. (Mot. to Dismiss 9.) The court agrees.

Although Evans' initial filings were unclear, he has presented no documentation that any good time credit has been revoked as a result of the suspension of the meritorious good time program. In his initial filing, Evans included as an exhibit a form that shows that IDOC revoked one month of good time credit in May 2011, but it is not clear why this credit was revoked. (*See* Dkt. 1 at 5.) At any rate, it is clearly unconnected with the suspension of the meritorious good credit program, given that Evans had filed a grievance over that program months earlier. The court notes that by May 2010, when Evans pleaded guilty to the offenses for which is imprisoned, the meritorious good time program already had been suspended for several months. A review of his amended petition, and the grievance attached to his initial petition, shows that Evans is not complaining because he was awarded good time which was subsequently revoked, but

| STATEMENT |
|---|

rather he believes he is entitled to meritorious good time that he has not received.

The Seventh Circuit has held that where a claim, if decided in the prisoner's favor, would at best accelerate the accrual of good time and hasten his release, it must be brought under § 1983. *Hadley*, 341 F.3d 664–65. As such, Evans' habeas petition is dismissed without prejudice to Evans bringing an action under § 1983. *Id.* at 661. The court repeats its earlier admonitions to Evans regarding the barriers he may face in pursuing a § 1983 action. (*See* Dkt. No. 4.) The Seventh Circuit has previously entered an order barring Evans from filing new lawsuits because he has accrued three strikes for filing frivolous actions under 28 U.S.C. § 1915(g), and because he has failed to pay filing fees. *Evans v. Gaberry*, No. 01-1547 (7th Cir. Oct. 16, 2001). Any requests to modify that order must be directed to that court. Additionally, Evans is admonished that if he brings a § 1983 action, he must comply with the requirements of the Prison Litigation Reform Act.

## CONCLUSION

For the reasons stated herein, Respondent's "Motion to Dismiss Habeas Corpus Petition for Failure to State a Habeas Claim" (Dkt. No. 14) is granted. This dismissal is without prejudice to Evans bringing a suit under 42 U.S.C. § 1983, although he should heed the court's admonishments in that regard outlined above.

*James F. Holderman* (signature)